The opinion of the Court was delivered by
Manning, J.
The defendant was tried on a charge of embezzling ' twenty-two dollars of his employer’s money, and upon conviction was sentenced to one year’s confinement in the penitentiary.
A bill of exceptions was taken to the admission in evidence of the prisoner’s confession, and states two grounds of objection:
1. 11 That nothing in the confession showed the embezzlement or offense charged in the information, or at the date in said information alleged, and the fact alleged had not yet been shown.”
We take this to mean that the embezzlement confessed does not by the terms and date of the confession appear to be the embezzlement charged, and the fact or act of embezzlement had not been proved when the confession was offered. '
The confession was proof of itself of an embezzlement, and it was for the State to establish afterwards that it was the embezzlement charged, which appears to have been done to the satisfaction of the jury.
2. “ That there being no allegation in the information of the said Marcel Wolff having appropriated any money to his own use, so much of said confession as went to show that fact should not be allowed to go to the jury.”
There is no need under our Statute of using in the information the . words “ appropriated to his own use.” The objection, carried to its logical conclusion, would be that unless a prisoner’s confession is in the identical words of the Statute, it is inadmissible.
There was also a motion for a new trial embracing these two grounds just disposed of.
The motion in arrest of judgment is based upon the alleged insufficiency iu law of the charge in the information, in not setting forth that *1154 the money therein alleged to have been wrongfully used had been appropriated to the prisoner’s own use and benefit by him the said Marcel Wolff, etc.
Our Statute punishing embezzlement.is in these words:
“Any servant, clerk, * * who shall wrongfully use, dispose of, conceal or otherwise embezzle any money * * . which lie shall have received for another, or for his employer, * * or by virtue of his office, trust or employment, * * shall suffer, etc.” Rev. Stats. Sec. 905.
The information follows the Statute, employing its identical words, except that “ and ” is used instead of “ or,” thus reading “ conceal and otherwise embezzle,” but this substitution of the copulative to the disjunctive conjunction does not, as the defendant’s counsel insists, make an important difference in the law. The charge would have be.en sufficient if it had used only the word embezzle, and omitted the others, “ use, dispose of, conceal.”
Embezzle means to appropriate to one’s own use property or money entrusted to him by his employer. The use of that word supplies the place of the sentence, which the counsel earnestly contends is sacramental. The single word embezzle means all that the sentence does, and something more.
Embezzlement is not a common law offense. It' had its origin in the efforts to amend the law of larceny. The first Statute was tempo Henry 8, in which the descriptive words were, “ did embezzle or otherwise convert the money to his own use.” The Statute of George 4 (1827) improved and superseded the earlier one, and there the words are “ shall fraudulently embezzle.” Our Statute has, “ shall wrongfully use * * or otherwise embezzle.” The aim of succeeding Statutes is to simplify criminal practice by avoiding verbosity and repetitions and circumlocutions in pleadings, and this Court, in encouraging and giving aid to such simplification, only hearkens to the voice of the State when in her first criminal Statute she commanded that the forms of indictment should be divested of unnecessary prolixity.
Judgment affirmed.